Atyria S. Clark (SBN.: 226295)
THE COMMUNITY LAW FIRM
1158 26th Street, Suite 783
Santa Monica, CA 90403
Telephone: (866) 347-9247
Facsimile: (310) 496-1284
E-mail: communitylawfirm@gmail.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Y.M. by and through her guardian ad litem NANCY P., | CASE NO.:  5:19-CV-1048 |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| vs. | 1)  **THE AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. § 12101, et. seq.;** |
| BEAUMONT UNIFIED SCHOOL DISTRICT, a California public entity, and DOES 1 through 10, inclusive, | 2)  **SECTION 504 OF THE REHABILITATION ACT, 29 U.S.C. § 794, *et. seq.;*** |
| Defendants. | 3)  **42 USC SECTION 1983—EQUAL PROTECTION CLAUSE OF THE 14TH AMENDMENT;** |
| | 4)  **THE UNRUH CIVIL RIGHTS ACT, Cal. Civ. Code § 51, *et seq.*;** |
| | 5)  **Cal. Gov't Code § 11135;** |
| | 6)  **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;** |
| | 7)  **NEGLIGENCE;** |
| | 8)  **ARTICLE I, SECTION 7(A) & ARTICLE IV, SECTION 16(A) OF THE CALIFORNIA CONSTITUTION** |
| | **DEMAND FOR JURY TRIAL** |

## JURISDICTION AND VENUE

1.      This complaint alleges violations of federal law including Section 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794 *et seq.* ("Section 504"); the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, 34 C.F.R. § 104.1, 34 C.F.R. § 104.3(j)(1)(i)-(iii), 35 C.F.R. § 108 and 28 C.F.R. §§ 35.104, 36.104 (the "ADA").   Thus, the Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.   The same actions and omissions that form the basis of Plaintiff's federal claims have also violated Plaintiff's rights under state law, specifically the Unruh Civil Rights Act, Cal. Civ. Code § 51(f) ("Unruh Civil Rights Act") and California Government Code Section 11135. Thus, the Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over all state law claims as stated in this Complaint.

2.      Jurisdiction and venue are proper under 20 U.S.C. § 1391(b) because Beaumont Unified School District ("BUSD" or "District") is located within Riverside County an all the acts and/or omissions giving rise to the claims in this action occurred in Riverside County, California, which is located within the geographical boundaries of the judicial district for the United States District Court for the Central District of California.

COMPLAINT FOR DAMAGES

## **PARTIES**

3.      Plaintiff is a seventeen-year-old student diagnosed with Trisomy disorder.  Trisomy is a chromosomal disorder where a person is born with an additional chromosome so that a person has 47 chromosomes instead of 46 chromosomes.   Children affected by Trisomy often have a range of birth defects including developmental delays and intellectual disabilities.[1]

4.      Due to her condition, Plaintiff has a history of learning difficulties, developmental delays, and cognitive delays.  As a result of her condition, she has a severe impairment in speech and language and cognitive impairments, among other disabilities.

5.      At all times relevant to this Complaint, Plaintiff resides and has resided within the Beaumont Unified School District boundaries.  She resides in the city of Beaumont with her parents, Nancy P. and Melvin M.

6.      At all times referenced in this Complaint, Plaintiff is a person with a disability within the meaning of all applicable state and federal disability non-discrimination laws.

7.      This action is brought by Plaintiff's parent, Nancy P. on her behalf as her guardian ad litem.

---

[1] https://www.betterhealth.vic.gov.au/health/conditionsandtreatments/trisomy-disorders

COMPLAINT FOR DAMAGES

8.     Plaintiff currently attends Beaumont High School within the Beaumont Unified School District.  She has been receiving special education services since 2004.

9.     Plaintiff timely filed a Tort Claims Notice under California Government Code section 910 *et seq*.  Defendant took no action on this Claims Notice and to date has neither accepted nor rejected Plaintiff's claims.

10.    Defendant Beaumont Unified School District ("BUSD" or the "District") is a local government entity within the meaning of Title II of the ADA, is a recipient of federal financial assistance within the meaning of Section 504 of the Rehabilitation Act, and has at least 50 employees.  The District is a public school district organized and existing under the laws of the State of California and located within Riverside, California.  The District is also the recipient of financial assistance from the State of California. Presently, at all times relevant to this Complaint, the District was and is a business establishment within the meaning of the Unruh Civil Rights Act.  The District is sued in their own right and on the basis of their officials, agents and employees.

11.    The names and capacities, whether individual, corporate, or otherwise, sued herein as DOES 1-10, inclusive, are presently unknown, and Plaintiff will amend the Complaint to insert them when ascertained.  Plaintiff is informed and believes, and thereon alleges that each of these Defendants was a

resident of this district and/or has principal offices or was doing business in this district and was and is responsible in some way for the events and damages alleged in this Complaint.

12.    Plaintiff is informed and believes that each of the Defendants is the agent, ostensible agent, alter ego, master, servant, trustor, trustee, employer, employee, representative, affiliate, related entity, partner, and/or associate, or such similar capacity, of each of the other Defendants, and at all times acting and performing, or failing to act or perform, within the course and scope of each similar, aforementioned capabilities, and with the authorization, consent, permission or ratification of each of the other Defendants, or otherwise is personally responsible in some manner, for the acts and omissions of the other Defendants in proximately causing the violations and damages complained of herein, and have participated, directed, and have ostensibly and/or directly approved or ratified each of the acts or omissions of each of the other Defendants, as described in this Complaint.

13.    All references to "Defendants" herein shall include all Defendants listed in paragraphs 1 to 12, inclusive, above, including all DOE Defendants.

## FACTS APPLICABLE TO ALL CAUSES OF ACTION

14.    Plaintiff incorporates, by reference herein, the allegations in the foregoing paragraphs, as though fully set forth herein.

COMPLAINT FOR DAMAGES

15.     In 2004, BUSD found Plaintiff eligible for special education.

16.     As such, BUSD has been informed of Plaintiff's Trisomy diagnosis since at least 2004, when the District implemented Plaintiff's first individual education program ("IEP").

17.     In as early as 2015, when Plaintiff started high school, Plaintiff sought to participate in her school's cheerleading squad and sought reasonable accommodations that would have effectively allowed her to participate in this extracurricular activity at her school.

**BUSD's Failure to Provide Accommodations to Address Plaintiff's Participation in Extracurricular School Activities**

18.     Since July of 2015, Plaintiff has been denied the ability to participate on her school's cheerleading team and has otherwise been denied reasonable accommodations to facilitate in her participation on her school's cheerleading team.

19.     Starting on July 23, 2015, Plaintiff was initially prohibited from participating on the cheerleading team due to her disability.

20.     After much protest, Plaintiff was finally allowed to participate on the cheerleading team but routinely suffered discrimination and was prohibited from cheering at various games and from participating in activities that the other cheerleaders were invited to participate in and allowed to participate in.

21.     The District routinely refused to provide Plaintiff with a cheer aide who could effectively assist Plaintiff with her cheerleading and make it possible for Plaintiff to partake in all cheerleading activities.

22.     Since 2015, agents and employees of BUSD deprived Plaintiff of having the proper uniform to cheer and would often provide her with items that were different from the rest of the cheer team.

23.     From 2016 to date, Plaintiff would suffer discrimination and bullying from not only her fellow cheer team members but also from District agents and employees including the coaching staff and athletic directors and subjected Plaintiff to sheer ridicule and humiliation due to her disability.

24.     To date, BUSD continues to refuse to provide Plaintiff with any cheer aide or make any reasonable accommodations to provide Plaintiff with any meaningful opportunity to participate on her school's cheerleading team.

25.     On April 23, 2019, Plaintiff's parents, through counsel, issued a letter to the District regarding the District's special education violations under the Individuals with Disabilities Act ("IDEA") and Cal. Ed. Code § 5600, *et seq.* over which the OAH has jurisdiction.

26.     On June 4, 2019, Plaintiff's parents reached a settlement agreement with BUSD concerning the various issues Plaintiff was having with BUSD under IDEA.

COMPLAINT FOR DAMAGES

27.     Plaintiff's injuries alleged in this Complaint cannot be redressed under the IDEA's due process procedures because OAH does not have jurisdiction over the claims stated in the present action.   These are claims for discrimination properly brought under the statues pleaded herein and are for monetary damages.

28.     As a result of BUSD's discrimination, Plaintiff was denied access to participation in her school's extracurricular activities.

## FIRST CAUSE OF ACTION
(Discrimination Under the Americans with Disabilities Act:  Failure to Provide Access to Programs and Activities—As to All Defendants)

29.     Plaintiff incorporates, by reference herein, the allegations in the foregoing paragraphs, as though fully set forth herein.

30.     Congress enacted the ADA upon finding, among other things, that "society has tended to isolate and segregate individuals with disabilities" and that such forms of discrimination continue to be a "serious and pervasive social problem."  42 U.S.C. § 12101(a)(2).

31.     In response to these findings, Congress explicitly stated that the purpose of the ADA is to provide "a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities and "clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities."  42 U.S.C. § 12101(b)(1)-(2).

32.     Under Title II of the ADA, a qualified individual with a disability may not be, by reason of his or her disability, subjected to discrimination, excluded from participation in, or denied the benefits of, the services, programs, or activities of a public entity, including, the benefits of a public education and participation in extracurricular activities of a public school.

33.     Pursuant to Title II, public entities are required to provide meaningful access to their programs, services, and activities.  Specifically, public entities must "take appropriate steps to ensure that communications with applicants, participants, members of the public, and companions with disabilities are as effective as communications with others."  28 C.F.R. § 35.160(a)(1).  To accomplish this, it must "furnish appropriate auxiliary aids and services where necessary to afford individuals with disabilities, including applicants, participants, companions, and members of the public, an equal opportunity to participate in and enjoy the benefits of, a service, program or activity of a public entity." *Id* at §35.0160(b)(1).

34.     Further, public entities cannot provide programs, services or benefits to a person with a disability that are not equal to those provided to others or deny a person with a disability the opportunity to participate in programs, services or activities.  28 C.F.R. § 35.130(b)(1)(iii).  Public entities must also modify their policies and procedures when necessary to accommodate disability related needs,

and cannot impose eligibility criteria that tend to screen out persons with disabilities. *Id*. at § 35.130(b)(7) & (b)(8).

35.    At all times relevant, including at the time of each alleged violation of the ADA, the District was a public entity providing services, programs or activities.  The District receives federal financial assistance within the meaning of the ADA.

36.    At all times relevant, including at the time of each alleged violation of the ADA, Plaintiff was a qualified individual with a disability within the meaning of the ADA or was regarded as having a disability, and Defendant knew of this disability.  Plaintiff is an individual with Trisomy.  Since 2004, District has found Plaintiff eligible for special education services under the eligibility category of Other Health Impairment (OHI) based on her chromosomal disorder.

37.    Defendants have known that Plaintiff has a disability since at least 2004.  Nevertheless, despite knowledge of Plaintiff's disability and needs, Defendants failed to provide appropriate accommodations and supports so that she could participate in extracurricular activities.  Instead, Defendants discriminated against Plaintiff on the basis of her disability by, among other things: 1) failing to provide Plaintiff with a cheer aide so she could effectively participate on her school's cheerleading team, 2) denying her access to

cheerleading events and failing to provide necessary, supportive services, and 3) treating her and her family with hostility because of her disability.

38.     At all times relevant, including at the time of each alleged violation of the ADA, the District provided services, programs and activities in its public schools, and was obligated to provide Plaintiff with reasonable accommodations that Plaintiff needed in order to enjoy meaningful access to the benefits of a public education.

39.     Defendants acted with intent and/or deliberate indifference in excluding Plaintiff from school activities and failing to provide Plaintiff with reasonable accommodations, thereby denying her access to the school's extracurricular program based solely on her disability.  Accordingly, Defendants violated the ADA.

40.     As a result of the foregoing, Plaintiff suffered injury, including, but not limited to, denial of access to her high school's extracurricular activities, humiliation, anxiety, and severe emotional distress.  Plaintiff seeks damages and attorney fees as a result of these injuries.

41.     In addition, Defendants' conduct violated and continues to violate the ADA and unless restrained from doing so, Defendants will continue to violate the ADA.  Defendants' conduct has and will continue to inflict injuries for which Plaintiff has no adequate remedy at law.

COMPLAINT FOR DAMAGES

42.     Consequently, Plaintiff is entitled to injunctive relief pursuant to Section 308 of the ADA (42 U.S.C. section 12188). As a proximate cause of the actions of Defendants herein, Plaintiff is also entitled to a Declaration that Defendants' actions or omissions violate Plaintiff's rights under the ADA, damages according to proof, reasonable attorney's fees, Plaintiff's cost of suit incurred herein, including expert fees, and such other and further relief as this Court deems just and proper.

## SECOND CAUSE OF ACTION

(Discrimination Under Section 504 of the Rehabilitation Act:  Failure to Provide Access to Programs and Activities—As to All Defendants)

43.     Plaintiff incorporates, by reference herein, the allegations in the foregoing paragraphs, as though fully set forth herein.

44.     Under Section 504, a qualified individual with a disability may not, solely by reason of his/her disability, be subjected to discrimination, excluded from participation in, or denied benefits of, any program or activity receiving federal financial assistance.  29 U.S.C. § 794(a).

45.     Under Section 504, the phrase "program or activity" includes a local educational agency.  29 U.S.C. § 794(b)(2)(B).

46.     At all times relevant, including at the time of each alleged violation of Section 504, Plaintiff was a qualified individual with a disability within the meaning of Section 504, or was regarded as having a disability, and Defendant

knew of her disability.  Plaintiff is an individual with Trisomy.  Since 2004, she has been found eligible for special education services.

47.   Despite knowledge of Plaintiff's disability and needs, Defendants failed to provide appropriate accommodations and supports so that Plaintiff could participate in her high school's extracurricular activities.  Instead, Defendants discriminated against Plaintiff solely on the basis of her disability by, among other things: 1) failing to provide Plaintiff with a cheer aide, 2) denying her access to cheerleading events and failing to provide necessary, supportive services, and 3) treating her and her family with hostility because of her disability.

48.   At all times relevant, including at the time of each alleged violation of Section 504, the District provided services, programs and activities in its public schools, and was obligated to provide Plaintiff with reasonable accommodations that Plaintiff needed in order to enjoy meaningful access to the benefits of th programs and activities that the District offers.

49.   Defendants acted with intent and/or deliberate indifference in excluding Plaintiff from her high school's extracurricular activities and failing to provide Plaintiff with reasonable accommodations, thereby denying her access to the school's extracurricular program based solely on her disability.  Accordingly, Defendants violated Section 504.

50.    At all times relevant, including at the time of each alleged violation of Section 504, the District operated a secondary education program or activity that received federal financial assistance, and was obligated to provide Plaintiff with reasonable accommodations that Plaintiff needed in order to participate in these programs and activities.

51.    As a result of the foregoing, Plaintiff suffered injury, including, but not limited to, denial of access to her high school's extracurricular activities, humiliation, anxiety, and severe emotional distress.  Plaintiff seeks damages and attorney fees as a result of these injuries.

## THIRD CAUSE OF ACTION
(Violation of 42 U.S.C. Section 1983—Violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution—As to All Defendants)

52.    Plaintiff incorporates, by reference herein, the allegations in the foregoing paragraphs as though fully set forth herein.

53.    Defendants' actions described herein have violated and continue to violate the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, in that Plaintiff, who is a student with a disability, is either not provided programs, services and activities that are provided to non-disabled students, or is provided programs, services and activities that are not equal to, and are inferior to, the services provided to students who are not physically disabled.

COMPLAINT FOR DAMAGES

54.     Defendants' actions described herein have violated and continue to violate the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, in that Plaintiff continues to be exposed to potential abuse because of her disabilities, which amounts to disability discrimination.

55.     Plaintiff's claims against Defendants are based on Defendants maintaining and permitting policies, customs and/or practices of failing to provide Plaintiff with a cheer aide and other resources to allow Plaintiff to be an effective member of the cheer team.  Plaintiff is informed and believes and thereon alleges that the District condoned, encouraged, fostered, and/or ratified the unlawful conduct of its employees towards Plaintiff.  Plaintiff is further informed and believes and thereon alleges that despite the District's knowledge of this failure the District violated the constitutional rights of its students.  The District at no time provided any retraining to or increased supervision of its employees, nor did it adequately investigate or discipline the misconduct alleged herein.

56.     In performing the aforementioned acts, Defendants are liable for Plaintiff's injuries, either because they were integral participants in the misconduct or because they failed to intervene.  Plaintiff is informed and believes and hereon alleges that Defendants acted specifically with the intent to deprive Plaintiff of her constitutional rights under the Equal Protection Clause, rights of which Defendants were fully aware.

COMPLAINT FOR DAMAGES

57. Defendants acted with malice, deliberate indifference, or reckless disregard of her rights under the United States Constitution.

58. Defendants acted under the color of state law.

59. As a direct and proximate cause of the actions of Defendants herein, Plaintiff suffered the violation of her constitutional rights as described above. Plaintiff has sustained severe emotional and psychological injuries. Plaintiff is entitled to a Declaration that Defendants' actions or omissions violate Plaintiff's rights to equal protection under the Constitution of the United States, damages according to proof, Plaintiff's reasonable attorney's fees, Plaintiff's costs of suit incurred herein, including expert fees and such other and further relief as this Court deems just and proper.

## FOURTH CAUSE OF ACTION
(Violation of California's Unruh Civil Rights Act—As to All Defendants)

60. Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs.

61. California's Unruh Civil Rights Act ("Unruh") prohibits discrimination against individuals with disabilities and also prohibits discrimination based on a person's disability or perceived disability.

62. Section 51 of the California Civil Code provides, in relevant part: "[a]ll persons within the jurisdiction of this state are free and equal, and no matter

what their…..disability…….are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever."  Cal. Civ. Code § 51(b).

63.    Under Unruh, "[a] violation of the right of any individual under the federal Americans with Disabilities of 1990 (P.L. 101-336) shall also constitute a violation of this section."  Civil Code § 51(f).

64.    Unruh holds liable anyone who "denies, aids or incites a denial, or makes any discrimination or distinction to the contrary to" Section 51 of the California Civil Code for "each and every offense."  Cal. Civ. Code § 52.

65.    The District is a business establishment for the purposes of Unruh.

66.    Defendants denied, or aided or incited a denial of, or discriminated with respect to, Plaintiff's right by law to the full and equal advantages, accommodations, facilities, privileges and services associated with the extracurricular activities of a public education.

67.    Defendants' discriminating conduct was based on Plaintiff's disability.

68.    Defendants also violated Unruh by their failure to act in accordance with Federal and State laws designed to ensure that minors have free access to public schools and all of its benefits and privileges.  Defendants acted in

contravention of the laws that would otherwise have protected Plaintiff from Defendants' conduct.

69.     The actions of Defendants constitute intentional discrimination against persons with disabilities and violate the Unruh Civil Rights Act, Cal. Civ. Code §§ 51, *et seq.*

70.     Every day that Defendants failed to provide accommodations constitutes a separate "offense."  The failure to provide accommodations denied Plaintiff the benefits of, and participation in her public high school's extracurricular activities since July 2015.

71.     Defendants failed to provide appropriate accommodations for Plaintiff from July 2015 through this present time.   In addition, Defendants excluded Plaintiff from participation in cheerleading activities entirely on various occasions since 2015 through this present date.   Thus, Defendants failed to provide appropriate accommodations and denied Plaintiff access to these extracurricular activities for at least 1400 days.   Each day that District denied Plaintiff access to extracurricular activities is considered a separate incident under Unruh, and Plaintiff should be entitled to no less than $4,000.00 per incident.

72.     As a result of the foregoing, Plaintiff suffered injury, including, but not limited to, denial of meaningful access to the benefits of participation in her

public high school's extracurricular activities, humiliation, anxiety, and severe emotional distress.  Plaintiff seeks damages and attorneys' fees as a result.

**FIFTH CAUSE OF ACTION**

(Discrimination Under Cal. Gov't Code § 11135—As to All Defendants)

73.    Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs.

74.    California Government Code Section 11135 and the accompanying regulations prohibit discrimination against people with disabilities by any program or activity that received federal financial assistance from the State. Section 11135 provides, in pertinent part, that:

> "No person in the State of California shall, on the basis of......disability, be unlawfully denied the benefits of, or be unlawfully subjected to discrimination under, any program or activity that is funded directly by the State or receives any financial assistance from the State."

75.    Plaintiff is entitled to receive among other things, the benefit of a free and appropriate public education and an opportunity to participate in extracurricular activities at school equal to that of her non-disabled peers.  Cal. Gov't Code § 11135, 42 U.S.C. §§ 12101, *et seq.*; 28 C.F.R. § 35.104; *see also* 34 C.F.R. §§ 104.4, 104.33, 104.34, 104.37.

76.   At all times relevant herein, the District was the local educational agency responsible for providing Plaintiff with access to public school programs. The District receives financial assistance from the State of California.

77.   The District operated its educational program and activities on the basis of generalizations, assumptions, prejudices, and stereotypes about people with Trisomy.   The District's program was not accessible because Defendants failed to provide the necessary accommodations to Plaintiff so she could effectively participate in her public high school's extracurricular activities. Instead, Defendants excluded Plaintiff from participating in most of her school's cheerleading events and humiliated her and discriminated against her.

78.   At least as early as 2004, the District knew of Plaintiff's disability. Her disability aside, Plaintiff is otherwise qualified to attend, participate in, and benefit from participating in her high school's cheerleading program.

79.   At least as early as 2015, the District knew or should have known that it had to provide program accommodations and modifications to its cheerleading program to ensure Plaintiff had full and equal access to the programs offered by her school to the same extent as her peers without disabilities had access to these programs.

80.   Nevertheless, from July 23, 2015 through this present time, District failed to provide accommodations and/or modifications for Plaintiff to address

her condition, thus denying her access to the public school programs in violation of Section 11135 of the California Government Code, 28 C.F.R. § 35.104, 34 C.F.R. §§ 104.4, 104.33(b)(1), 104.34(a).  With respect to the conduct set forth above, the District exercised gross misjudgment or, at the very least, bad faith, intentionally discriminating against Plaintiff on the basis of her disability.

81.     As a result of Defendants' discrimination based on Plaintiff's disability, in violation of Section 11135 of the California Government Code, Plaintiff suffered injury, including but not limited to, hedonic injury in that Plaintiff was deprived of the opportunity to engage in school activities, pain and suffering, humiliation and severe emotional distress.

## SIXTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress—As to All Defendants)

82.     Plaintiff incorporates, by reference herein, the allegations in the foregoing paragraphs as though fully set forth herein.

83.     Defendants engaged in extreme and outrageous conduct when they intentionally committed the acts described herein.

84.     As a result of Defendants' extreme and outrageous conduct, Plaintiff has suffered severe emotional distress.

85.    California Government Code section 820 provides that a pubic entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his or her employment.

86.    California Government Code section 815.2 provides that a public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his or her employment.

87.    As a direct and proximate result of the actions of Defendants herein, Plaintiff has sustained damages according to proof.

88.    Plaintiff is entitled to recover her reasonable attorney's fees and costs.

89.    Moreover, the acts of Defendants, and each of them, were willful, wonton, and malicious and justify the awarding of punitive damages in an amount to be proven at trial and to punish Defendants.

## SEVENTH CAUSE OF ACTION
### (Negligence—As to All Defendants)

90.    Plaintiff incorporates, by reference herein, the allegations in the foregoing paragraphs as though fully set forth herein.

91.    California law has long imposed on school authorities a duty to supervise the conduct of persons on school grounds and to enforce those rules and regulations necessary for their protection.

COMPLAINT FOR DAMAGES

92.    As set forth above, Defendants breached their duties, statutory and otherwise, to provide Plaintiff with an equal opportunity to participate in her school's extracurricular cheerleading team and allowing its agents, employees, other students and other persons to harass, bully and discriminate against Plaintiff due to her disability.

93.    Defendants knew or should have known that by treating Plaintiff differently because of her disability and allowing other persons on school grounds to harass, bully and discriminate against Plaintiff, Plaintiff would suffer severe emotional harm and it was highly probable that harm would result from the actions of Defendants herein.

94.    As the actual and proximate cause of Defendants' negligence, Plaintiff suffered severe emotional distress and continues to suffer severe emotional distress.

95.    California Government Code section 820 provides that a pubic employee is liable for injury caused by his act or omission to the same extent as a private person.

96.    California Government Code section 815.2 provides that a public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his or her employment.

97.     As a direct and proximate result of the actions of Defendants herein, Plaintiff has sustained damages and continues to sustain damages according to proof.

### **EIGHTH CAUSE OF ACTION**
(Violation of the Equal Protection Clause of the California Constitution, Article I, Section 7(a) & Article IV, Section 16(a)—As to All Defendants)

98.     Plaintiff incorporates, by reference herein, the allegations in the foregoing paragraphs as though fully set forth herein.

99.     Defendants' actions have violated and continue to violate Plaintiff's right not to be deprived of the equal protection of the laws under California Constitution, Article I, Section 7(a) & Article IV, Section 16(a), in that Plaintiff, who is a student with disabilities, is either not provided programs, services and activities that are provided to non-disabled students, or is provided programs, services and activities that are not equal to, and are inferior to, the services provided to students that are not physically disabled.

100.   As a direct and proximate cause of the actions of Defendants herein, Plaintiff is entitled to an order and judgment enjoining Defendants from violating Plaintiff's rights to equal protection under the California Constitution and a Declaration that Defendants' actions or omissions violate Plaintiff's rights to equal protection under the California Constitution.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays this Court enter judgment as follows:

1.      A finding that Defendants' conduct violated the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*. and 28 C.F.R. §§ 35.104, 36.104; Section 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794, *et seq*.; the Unruh Civil Rights Act, Cal. Civ. Code § 51, *et seq.*; 42 U.S.C. § 1983, Article I, Section 7(A) & Article IV, Section 16(A) of the California Constitution, and California Government Code Section 11135;

2.      Damages in the amount to be determined according to proof, including but not limited to damages under 42 U.S.C. § 12133, 29 U.S.C. § 794(a), 42 U.S.C. § 1983, Cal. Civ. Code § 52, California Gov't Code Section 11135, including all applicable statutory damages and also punitive damages;

3.      Any other such damages as may be alleged under all the above federal and state laws and as this Court deems just and proper;

4.      An Order that District is required to provide all teachers, counselors, coaching staff, administrators and other District employees professional education and training in the areas of disability discrimination and the need for accommodations for students with disabilities in support of effective participation in extracurricular activities that the District offers.  Such training to be of a type

and an amount to be determined by the Court based upon proof at trial, including expert testimony.

5.      Plaintiff's reasonable attorneys' fees and costs, including but not limited to costs available under 42 U.S.C. § 12133, 29 U.S.C. § 794(a), 42 U.S.C. § 1983, Cal. Civil Code § 52, and Cal. Code Civil Proc. § 1021.5; and

6.      Such other and further relief as this Court deems just and proper.


Dated:  June 6, 2019                  Respectfully submitted

**THE COMMUNITY LAW FIRM**


 _/s/Atyria S. Clark_____
By:  Atyria S. Clark, Esq.
Attorneys for Plaintiff

COMPLAINT FOR DAMAGES

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby demands trial by jury for all of her causes of action.

Dated:  June 6, 2019                 Respectfully submitted

**THE COMMUNITY LAW FIRM**


  /s/Atyria S. Clark_____
By:  Atyria S. Clark, Esq.
Attorneys for Plaintiff