**LOUIS R. DUMONT** – State Bar No. 130198
**JOHN J. STUMREITER** – State Bar No. 58415
**DANIELLE C. FOSTER** – State Bar No. 281385
**CARPENTER, ROTHANS & DUMONT**
500 S. Grand Avenue, 19th Floor
Los Angeles, CA  90071
(213) 228-0400 / (213) 228-0401 (fax)
ldumont@crdlaw.com / jstumreiter@crdlaw.com / dfoster@crdlaw.com

Attorneys for Defendant Beaumont Unified School District,
a public entity

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Y.M. by and through her guardian ad litem NANCY P.,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>BEAUMONT UNIFIED SCHOOL DISTRICT, a California public entity, and DOES 1 through 10, inclusive,<br><br>　　　　　Defendants. | Case No.: 5:19-cv-1048-FMO-SP<br><br>**ANSWER TO COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL** |

　　　COMES NOW Defendant Beaumont Unified School District, a public entity, and in answering the plaintiff's Complaint for Damages on file herein, admits, denies and alleges as follows:

## ADMISSIONS AND DENIALS

　　　1.　　In response to paragraph 1 of the Complaint for Damages, this answering defendant admits that jurisdiction is proper under 28 U.S.C. § 1331, given that plaintiff's remaining claims are asserted under 42 U.S.C. § 12132 and 29 U.S.C. § 794.  Because all of plaintiff's state law claims have been dismissed, this answering defendant denies that jurisdiction is proper under 28 U.S.C. § 1367.

2. In response to paragraphs 2 and 4 of the Complaint for Damages, this answering defendant admits the allegations set forth therein.

3. In response to paragraphs 3, 5, and 11 of the Complaint for Damages, this answering defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein, and on that basis, denies those allegations.

4. In response to paragraphs 6, 12, 15, 16, 18, 19, 21, 22, 23, 24, 25, 26, 28, 36, 37, 39, 40, 41, 42, 46, 47, 49, and 51 of the Complaint for Damages, this answering defendant denies each and every allegation set forth therein.

5. In response to paragraph 8 of the Complaint for Damages, this answering defendant admits that Beaumont High School is within the Beaumont Unified School District, but denies that plaintiff currently attends Beaumont High School.  As to the remaining allegations set forth therein, this answering defendant is without sufficient knowledge or information to form a belief as to the truth of those allegations and, on that basis, denies those allegations.

6. This answering defendant is not responding to paragraphs 9 and 52-100 of the Complaint for Damages, given that those paragraphs solely relate to legal claims that have been dismissed by the Court; therefore, no response is required.

7. In response to paragraphs 10 and 35 of the Complaint for Damages, this answering defendant admits that it is a duly organized public entity under the laws of the State of California, and that Beaumont Unified School District is located within the County of Riverside.  This answering defendant further admits that it receives funds from the United States government and the State of California, and that it employs over 50 employees.  As to the remaining allegations set forth therein, this answering defendant denies those allegations.

8. In response to paragraphs 14, 29, and 43 of the Complaint for Damages, this answering defendant incorporates its admissions and denials to each

of the preceding paragraphs.

9. In response to paragraph 17 of the Complaint for Damages, this answering defendant admits that plaintiff's mother first sought to have plaintiff placed on a cheerleading team at Beaumont High School in 2015. As to the remaining allegations set forth therein, this answering defendant denies those allegations.

10. In response to paragraph 20 of the Complaint for Damages, this answering defendant admits that plaintiff was placed on a cheerleading team at Beaumont High School in 2015, without having to try out. As to the remaining allegations set forth therein, this answering defendant denies those allegations.

11. In response to paragraphs 27, 30, 31, 32, 33, 34, 36, 38, 44, 45, 48, 50, of the Complaint for Damages, this answering defendant asserts that the law speaks for itself.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff fails to state a claim arising under Title II of the Americans with Disabilities Act ("ADA").

2. Plaintiff fails to state a claim arising under Section 504 of the Rehabilitation Act.

3. Plaintiff's claims for violation of the ADA and Section 504 of the Rehabilitation Act are barred by the applicable statute of limitations.

4. Any recovery on the plaintiff's Complaint for Damages, or any purported claim or cause of action alleged therein, is barred in whole or in part by the plaintiff's failure to mitigate her damages.

5. Plaintiff's action is barred in whole or in part by the doctrines of waiver, estoppel, laches, and/or unclean hands.

6. Plaintiff failed to exhaust all of her administrative remedies prior to filing this lawsuit.

///

7. Plaintiff was not denied participation in, or the benefits of, the extra-curricular cheerleading program at Beaumont High School because of her asserted disability.

8. The service, program, and/or activity of cheerleading at Beaumont High School was accessible to individuals with disabilities, as demonstrated by the fact that plaintiff participated in the cheerleading program at Beaumont High School.

9. Plaintiff is not a "qualified individual" with a disability because, with or without reasonable modifications or accommodations, she could not meet essential eligibility requirements for participation in the cheerleading program at Beaumont High School.

10. No reasonable modification to the eligibility requirements existed as to enable plaintiff to meet the essential requirements for participation in the cheerleading program at Beaumont High School.

11. No reasonable accommodations existed as to enable plaintiff to meet the essential requirements for participation in the cheerleading program at Beaumont High School.

12. Defendant made a good-faith effort to identify and implement reasonable modifications to the cheerleading program to provide plaintiff with equal access to the cheerleading program at Beaumont High School.

13. Defendant made a good-faith effort to identify and provide reasonable accommodations to plaintiff to provide her with an equally effective opportunity to participate in the cheerleading program at Beaumont High School.

14. Compliance with plaintiff's requests would have required a fundamental alteration in the nature of the sport of cheerleading at Beaumont High School and/or impose an undue burden on defendant.

15. Allowing plaintiff to participate in all levels of the cheerleading program would have posed a threat of injury or harm to plaintiff and other

cheerleaders.

16. The skill requirements for participation in the cheerleading program at Beaumont High School were not intended to discriminate against the disabled.

17. Defendant did not act with the purpose or intent of discriminating against plaintiff because of her disability.

18. Defendant took reasonable care to prevent and correct promptly any disability-based discriminatory behavior.  Defendant has an effective policy against disability-based discrimination with a complaint procedure.  To the extent that plaintiff, through her parents, reasonably utilized the complaint procedure, appropriate and corrective action was taken.

19. Plaintiff unreasonably failed to fully take advantage of any preventative or corrective opportunities provided by defendant in a timely manner.

20. Defendant contests the availability of monetary or compensatory damages under Title II of the ADA and Section 504 of the Rehabilitation Act.

21. Plaintiff is not entitled to injunctive relief because plaintiff failed to show a substantial likelihood that plaintiff will prevail on the merits, that plaintiff will suffer irreparable injury if the injunction is not issued, that the threatened injury to plaintiff outweighs the potential harm to defendant, and that the injunction, if issued, would not be adverse to the public interest.

22. Punitive damages are not recoverable under Title II of the ADA or Section 504 of the Rehabilitation Act.

23. Punitive damages are not available against public entities.

24. Plaintiff lacks the capacity to bring this action and has failed to take the appropriate steps to have a conservator appointed to act on her behalf in this litigation.

25. Plaintiff's Guardian ad Litem lacks the capacity to pursue the actions pled in the Complaint.

///

26. This answering defendant reserves the right to amend this Answer to include additional affirmative defenses that may become known.

WHEREFORE, this answering defendant prays as follows:

1. That the plaintiff takes nothing by way of her Complaint for Damages.

2. That this answering defendant recovers the costs of suit incurred herein.

3. That this answering defendant recovers his reasonable attorney's fees incurred herein.

4. That the Court award such other and further relief as it deems just and proper.

DATED: August 21, 2020              CARPENTER, ROTHANS & DUMONT

                                    /s/ Danielle C. Foster
                                By: _____
                                    LOUIS R. DUMONT
                                    JOHN J. STUMREITER
                                    DANIELLE C. FOSTER
                                    Attorneys for Defendant

## DEMAND FOR JURY TRIAL

Pursuant to United States District Court for the Central District of California Local Civil Rule 38-1, Defendant Beaumont Unified School District hereby demands a jury trial as provided in Rule 38(b) of the Federal Rules of Civil Procedure.

DATED: August 21, 2020                CARPENTER, ROTHANS & DUMONT

/s/ Danielle C. Foster
By: _____
LOUIS R. DUMONT
JOHN J. STUMREITER
DANIELLE C. FOSTER
Attorneys for Defendant