1
2
3
4
5
6
7

# JS-6

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11  Y.M., by and through her guardian ad          Case No. 5:19-cv-01048-FLA (SPx)
12  litem NANCY P.,
                                                  **ORDER GRANTING PLAINTIFF'S**
13                          Plaintiff,            **PETITION FOR APPROVAL OF**
                                                  **CLAIM OR ACTION FOR MINOR**
14          v.                                    **OR PERSON WITH A DISABILITY**
                                                  **[DKT. 129]**
15
16  BEAUMONT UNIFIED SCHOOL
    DISTRICT, a California public entity,
17  and DOES 1 through 10, inclusive,
18                          Defendants.
19
20
21
22
23
24
25
26
27
28

1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**RULING**

Before the court is Petitioner Y.M.'s ("Petitioner") Petition for Approval of Claim or Action for Minor or Person with a Disability ("Petition"). Dkt. 129 ("Pet."). For the reasons set forth below, the court GRANTS the Petition.

**DISCUSSION**

**I.    Legal Standard**

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). Fed. R. Civ. P. 17(c) provides, in relevant part, that a district court "must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c). "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" *Robidoux*, 638 F.3d at 1181 (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)).

**II.    Analysis**

Petitioner seeks court approval of the offer of compromise for minor Plaintiff Y.M. Pet. 3. The effect of the compromise is to settle claims for Defendants' alleged violations of K.D.'s constitutional rights in connection with Petitioner's alleged deprivation of an equal and meaningful access to her high school cheerleading program due to her disability. *Id*. at 4, ¶ 5; *see generally* Dkt. 1 (Compl.). The total amount offered by Defendant Beaumont Unified School District to settle Petitioner's claim is $60,000.00. Pet. at 5 ¶ 10.

The settlement proceeds are to be paid in one lump sum to the guardian or conservator of Petitioner's estate, Case No. PRIN1900396, filed in the Riverside County Superior Court, minus (1) attorney's fees of $40,000.00, (2) medical expenses of $800.00, and (3) litigation costs of $1,642.50. *Id*. at 8, ¶ 14 and 10, ¶ 18(a)(1); *id.*

at 95 (Ex. J).  Accordingly, the net payment to Petitioner is $17,557.50.  *Id.* at 8, ¶ 15.
Defendant Beaumont Unified School District ("Defendant" or "Beaumont USD")
does not oppose the Petition."  *Id.* at 2.

After considering the Petition, the court APPROVES the parties' settlement.
The Petition states Y.M. suffered emotional distress and regression in speech due to
her injuries.  *Id.* at 4, ¶ 5.  Although Petitioner has not recovered completely from the
effects of the injuries, the Petition states that Y.M. should be able to recover with
proper psychological therapy and speech development treatment.  *Id.* at 4, ¶ 8(b).  In
light of these facts, the court finds that the proposed net recovery for Y.M. is "fair and
reasonable."  *See Robidoux*, 638 F.3d at 1181.  The net proceeds of the settlement are
to be paid to the guardian or the conservator of Petitioner's estate, which would serve
the best interests of Y.M.  *See id.*

The court has further reviewed the proposed attorney's fees and expenses and
finds they are reasonable.  Petitioner's counsel, Atyria S. Clark ("Clark"), presents a
copy of Petitioner's fee agreement and attests she has expended well over five
hundred (500) hours working on these actions at an hourly rate of $300.  Pet. 15
(Clark Decl.) ¶ 7; *id.* at 20 (Ex. A).  Clark further states that she has agreed to reduce
the fees she has incurred in litigating these actions by over 75% to accomplish a
resolution of these matters and presents copies of her billing records.  *Id.* at 15 (Clark
Decl.) ¶ 9; *id.* at 39-47 (Exs. D, E).  Petitioner has also itemized the litigation costs
and medical expenses incurred.  *Id.* at 6, ¶ 12 and 7, ¶ 13(b).  These amounts are
reasonable.

## **CONCLUSION**

For the foregoing reasons, the court GRANTS the Petition and ORDERS as
follows:

1. The settlement between Petitioner and Defendant Beaumont is APPROVED.

2. Petitioner's requested payment of $40,000.00 in attorney's fees and
   $1,642.50 in costs is APPROVED.

3

3. The remaining balance of $17,557.50 is to be paid or delivered to the guardian or conservator of Petitioner's estate, Case No. PRIN1900396 in Riverside County Superior Court.

4. In light of the court's approval of the parties' settlement, the court DISMISSES the action without prejudice.  The court retains jurisdiction to vacate this Order and to reopen the action within 60 days from the date of this Order, provided any request by a party to do so shall make a showing of good cause as to why the settlement has not been completed within the 60-day period, what further settlement processes are necessary, and when the party making such a request reasonably expects the process to be concluded.

5. This Order does not preclude the filing of a stipulation of dismissal with prejudice pursuant to Fed. R. Civ. P. 41, which does not require approval of the court.  Such stipulation shall be filed within the aforementioned 60-day period, or by such later date ordered by the court pursuant to a stipulation by the parties that conforms to the requirements of a showing of good cause stated above.

IT IS SO ORDERED.

Dated: March 14, 2022

FERNANDO L. AENLLE-ROCHA
United States District Judge